Honorable Benjamin H. Settle

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON**

**AT TACOMA**

CHRISTOPHER MILLS, individually and on behalf of all others similarly situated,

Plaintiff,

v.

SAIA, INC., a Delaware corporation,

Defendant.

NO. 3:26−cv−05033−BHS

**FIRST AMENDED CLASS ACTION COMPLAINT FOR UNPAID WAGES**

Plaintiff Christopher Mills ("Plaintiff"), by their undersigned counsel, for their class action complaint against Defendant Saia, Inc. ("Defendant"), hereby files this First Amended Class Action Complaint pursuant to FRCP 15(a)(1)(B), and alleges as follows:

## I. INTRODUCTION

1.1 Nature of Action. Defendant has engaged in wage and hour abuses against its Washington hourly-paid or non-exempt employees. These abuses include: (1) failing to provide employees with the rest breaks to which they are entitled; (2) failing to provide employees with the meal breaks to which they are entitled; (3) failing to pay all minimum wages to employees for all hours worked; (4) failing to pay all overtime wages to employees when they work more



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

than 40 hours in a workweek; (5) failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by employees; and (6) making unlawful deductions or withholdings from employees' wages. Defendant's deliberate and willful failure to pay their employees their earned wages violates Washington law.

1.2 Plaintiff and the Class members are current and former hourly-paid or non-exempt employees of Defendant who have been victimized by Defendant's unlawful compensation practices. This lawsuit is brought as a class action under state law to recover unpaid wages owed to Plaintiff and those similarly situated.

## II. JURISDICTION AND VENUE

2.1 Jurisdiction. Defendant does business in the State of Washington and has operations in Pierce County. Plaintiff originally filed this matter in Washington state court because Defendant is registered to conduct business in the State of Washington. Defendant has also obtained the benefits of the laws of the State of Washington and the Washington retail and labor markets. This Court presently has jurisdiction insofar as Defendant removed this matter to federal court, and Pierce County belongs to the Western District of Washington.

2.2 Venue. Venue was proper in Pierce County because Defendant operates and transacts business in Pierce County. RCW 4.12.025(1), (3). Following Defendant's removal, venue is presently proper in the Western District of Washington at Seattle because this case was originally properly filed in Pierce County.

2.3 Governing Law. The claims asserted on behalf of Plaintiff and the Class members in this complaint are brought solely under state law causes of action and are governed exclusively by Washington law.

## III. PARTIES

3.1 Plaintiff. Plaintiff Christopher Mills is a resident of Washington. Defendant hired Plaintiff Mills as an hourly-paid or non-exempt employee at its Tacoma (Fife),



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

Washington location. Plaintiff worked there as a Dockworker from October 23, 2023 to July 8, 2024.

3.2 Defendant. Defendant is a Delaware corporation with its principal place of business in Johns Creek, Georgia. Defendant operates various locations throughout the state of Washington that employ hourly, non-exempt employees.

## IV. CLASS ACTION ALLEGATIONS

4.1 Class Definition. Pursuant to Federal Rule of Civil Procedure 23 (or Washington Civil Rule 23 when in state court), Plaintiff brings this case as a class action on behalf of a Class defined as follows:

> All hourly-paid or non-exempt employees of Defendant in the State of Washington at any time from December 5, 2022 to final disposition of this action.

Excluded from the Class are any entity in which Defendant has a controlling interest or which has a controlling interest in Defendant, and Defendant's legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

4.2 Numerosity. From December 5, 2022 until the present, Defendant has employed about 248 hourly-paid or non-exempt employees in the State of Washington, as described in Defendant's Notice of Removal. Dkt. # 1.

4.3 Commonality. There are numerous questions of law and fact common to Plaintiff and the Class members. These questions include, but are not limited to, the following:

a. Whether Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a ten-minute rest break for every four hours of work;



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

b. Whether Defendant has engaged in a common course of requiring Plaintiff and the Class members to work more than three consecutive hours without a rest break;

c. Whether Defendant has engaged in a common course of failing to ensure that Plaintiff and the Class members have received the rest breaks to which they are entitled;

d. Whether Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a thirty-minute meal break for every five hours of work;

e. Whether Defendant has engaged in a common course of failing to ensure that Plaintiff and the Class members have received the meal breaks to which they are entitled;

f. Whether Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked;

g. Whether Defendant has engaged in a common course of failing to pay Plaintiff and the Class members all of the overtime wages to which they are entitled;

h. Whether Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members.

i. Whether Defendant has engaged in a common course of making deductions and collecting rebates from the wages of Plaintiff and the Class members by requiring Plaintiff and the Class members to incur employer expenses and failing to reimburse them.

j. Whether Defendant has engaged in a common course of failing to pay Plaintiff and the Class members all the wages to which they are entitled;

k. Whether Defendant failed to keep true and accurate records of the hours worked, rates of pay, gross wages, and all deductions for each pay period for Plaintiff and the Class members;



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

l. Whether Defendant failed to furnish itemized pay statements to Plaintiff and the Class members;

m. Whether Defendant willfully deprived Plaintiff and the Class members of the wages to which they were entitled;

n. Whether Defendant has violated RCW 49.12.020;

o. Whether Defendant has violated WAC 296-126-092;

p. Whether Defendant has violated RCW 49.46.130;

q. Whether Defendant has violated RCW 49.46.090;

r. Whether Defendant has violated RCW 49.46.210;

s. Whether Defendant has violated RCW 49.48.010;

t. Whether Defendant has violated WAC 296-126-025;

u. Whether Defendant has violated WAC 296-126-028;

v. Whether Defendant has violated WAC 296-128-620;

w. Whether Defendant has violated RCW 49.52.050; and

x. The nature and extent of class-wide injury and the measure of compensation for such injury.

4.4. Typicality. Plaintiff's claims are typical of the claims of the members of the Class because Defendant employed Plaintiff as an hourly-paid or non-exempt employee in the State of Washington. The claims of Plaintiff, like the claims of the Class, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

4.5 Adequacy. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys who are experienced lawyers with significant experience in complex and class action litigation, including employment law. Plaintiff and their counsel are committed to prosecuting this action vigorously on behalf of the



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

Class and have the financial resources to do so. Neither Plaintiff nor their counsel have interests that are contrary to or that conflict with those of the proposed Class.

4.6 Predominance. Defendant has engaged in a common course of wage and hour abuse toward Plaintiff and members of the Class. The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues.

4.7 Superiority. Plaintiff and the Class members have suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct. Absent a class action, however, most Class members likely would find the cost of litigating their claims prohibitive. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action. The Class members are readily identifiable from Defendant's records.

## V. SUMMARY OF FACTUAL ALLEGATIONS

5.1 Plaintiff Christopher Mills worked for Defendant as an hourly-paid or non-exempt employee at its Tacoma (Fife), Washington location from October 23, 2023 to July 8, 2024.

5.2 Plaintiff was earning approximately $26.34 when Defendant first hired him. The pay increased to $27.50 on April 24, 2024 and then to $28.50 on July 4, 2024.

5.3 Plaintiff worked for Defendant as a Dockworker. His job included loading and unloading trucks, scanning trucks, setting up trailers, securing freights, and cleaning out trailers.

5.4 Plaintiff typically worked Monday through Friday, from about 3 p.m. until the work requested was completed.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

5.5 Several times a month, Plaintiff's supervisor Chuck Lambert would tell Plaintiff to complete work before clocking in, such as picking up straps, folding up straps, and cleaning up, such as cleaning out damaged freight. This work took about 30 to 45 minutes.

5.6 Defendant has engaged in, and continues to engage in, a common course of wage and hour abuse against its hourly-paid or non-exempt employees in the state of Washington, as it did with Plaintiff Mills.

5.7 Failure to provide rest breaks. Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a paid ten-minute rest break for every four hours of work.

5.8 Defendant has engaged in a common course of requiring or permitting Plaintiff and the Class members to work more than three consecutive hours without a rest break. Defendant would tell employees that the job needed to be completed first, and then they could take their breaks.

5.9 Defendant has engaged in a common course of failing to ensure Plaintiff and the Class members have taken the rest breaks to which they are entitled. Rest breaks were treated as safety meetings where work would be discussed. Rest breaks were also interrupted, such as when a freight would come in. Plaintiff's supervisors Jacob and Daniel would want to complete work for incoming freights so they could leave earlier at the end of the day.

5.10 Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with ten-minutes additional pay and/or time worked for each missed rest break.

5.11 Each time an hourly-paid or non-exempt employee misses a rest break, Defendant receive the benefit of ten minutes worked without paying for the time worked.

5.12 As a result of Defendant's common course of failing to provide proper rest breaks to Plaintiff and the Class members, Defendant failed to maintain accurate records of hours worked by Plaintiff and the Class members.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

5.13 Defendant had actual or constructive knowledge of the facts set forth above.

5.14 Failure to provide meal breaks. Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a thirty-minute meal break for every five hours of work.

5.15 Defendant has engaged in a common course of requiring or permitting Plaintiff and the Class members to work more than five consecutive hours without a meal break. As with the rest breaks, work came first and the job had to be completed before Plaintiff and his coworkers could take rest breaks. This caused Plaintiff to take his meal break after the first five hours about three to four times a week.

5.16 Defendant has engaged in a common course of failing to ensure Plaintiff and the Class members have received the meal breaks to which they are entitled. Meal breaks were also interrupted with discussions about the work. On about two occasions, Plaintiff was unable to take his meal break at all, which occurred to the putative class members as well.

5.17 Defendant has engaged in a common course of failing to ensure Plaintiff and the Class members are fully relieved of all work duties during their meal breaks.

5.18 Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with thirty minutes additional pay and/or time worked for each missed meal break.

5.19 Defendant had actual or constructive knowledge of the facts set forth above.

5.20 Failure to pay minimum wages for all hours worked. Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked. For example, when Defendant required off-the clock work, as described above.

5.21 Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked by failing to provide Plaintiff and the Class members with ten minutes additional pay and/or time worked for each missed rest break.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

5.22 Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked by failing to provide Plaintiff and the Class members with thirty minutes additional pay and/or time worked for each missed meal break.

5.23 On many work weeks, such as the one in the pay statement below, which covers November 2, 2023 through November 8, 2023, Defendant failed to account for Plaintiff's and the putative class members' unpaid wages and hours worked. This would have resulted in many minimum wage violations.

5.24 Defendant had actual or constructive knowledge of the facts set forth above.

Saia Motor Freight Line LLC 11465 Johns Creek Parkway Suite 400 Johns Creek, GA 30097

Christopher Mills [redacted]

| Name | Company | Employee ID | Pay Period Begin | Pay Period End | Check Date | Check Number |
|---|---|---|---|---|---|---|
| Christopher Mills | Saia Motor Freight Line LLC | 87433 | 11/02/2023 | 11/08/2023 | 11/15/2023 | |

| | Miles | Total Hours Worked | Non-Work Hours | Units | Gross Pay | Pre Tax Deductions | Employee Taxes | Employee Post Tax Deductions | Net Pay |
|---|---|---|---|---|---|---|---|---|---|
| Current | | 41.35 | | | 1,106.94 | 0.00 | 194.18 | 42.07 | 870.69 |
| YTD | | 100.16 | | | 2,656.00 | 0.00 | 444.18 | 93.14 | 2,118.68 |

| Earnings | | | | |
|---|---|---|---|---|
| Description | Dates | UN/HR/MI | Rate | Amount |
| OTHRS*OVERTIME 40 | 11/02/2023 - 11/08/2023 | 1.35 | 39.51 | 53.34 |
| REGHR*REGULAR 40 | 11/02/2023 - 11/08/2023 | 40 | 26.34 | 1,053.60 |
| Earnings | | | | 1,106.94 |

| Employee Taxes | | |
|---|---|---|
| Description | Amount | YTD |
| OASDI | 68.63 | 164.67 |
| Medicare | 16.05 | 38.51 |
| Federal Withholding | 96.64 | 210.14 |
| WACRF - WACF | 6.42 | 15.40 |
| WA PFL (S) - WSPFL | 6.44 | 15.46 |
| Employee Taxes | 194.18 | 444.18 |

| Employee Post Tax Deductions | | |
|---|---|---|
| Description | Amount | YTD |
| Support (IN3968410) | 41.07 | 82.14 |
| IWO Employer Fee | 1.00 | 11.00 |
| Employee Post Tax Deductions | 42.07 | 93.14 |

| Taxable Wages | | |
|---|---|---|
| Description | Amount | YTD |
| OASDI - Taxable Wages | 1,106.94 | 2,656.00 |
| Medicare - Taxable Wages | 1,106.94 | 2,656.00 |
| Federal Withholding - Taxable Wages | 1,106.94 | 2,656.00 |

| | Federal | State |
|---|---|---|
| Marital Status | Single or Married filing separately | |
| Allowances | 0 | 0 |
| Additional Withholding | 0 | |

| Payment Information | | | | |
|---|---|---|---|---|
| Bank | Account Name | Account Number | USD Amount | Amount |
| M B FINANCIAL BANK | ADP WISELY PAYCARD | ******8751 | | 870.69 USD |

5.25 <u>Failure to pay all overtime wages due</u>. Defendant has engaged in a common course of failing to pay Plaintiff and the Class members for all hours worked over forty in a



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

week at a rate of not less than one and one-half times their regular rate of pay. For example, when Defendant required off-the clock work, as described above.

5.26 On many work weeks, such as the one in the pay statement above, which covers November 2, 2023 through November 8, 2023, Plaintiff and putative class members worked more than 40 hours and any unpaid time and unlisted hours would have resulted in overtime pay violations.

5.27 Defendant has engaged in a common course of failing to pay overtime wages to Plaintiff and the Class members during workweeks in which missed rest break time extended the workweek beyond forty (40) hours.

5.28 Defendant has engaged in a common course of failing to pay overtime wages to Plaintiff and the Class members during workweeks in which missed meal break time extended the workweek beyond forty (40) hours.

5.29 Defendant had actual or constructive knowledge of the facts set forth above.

5.30 Unlawful Deductions and Rebates. Defendant has engaged in a common course of making deductions and withholdings from the wages of Plaintiff and the Class members.

5.31 Defendant has engaged in a common course of requiring Plaintiff and the Class members to incur employer expenses and failing to reimburse them. For example, Defendant required certain equipment and attire, such as steel-toed shoes, jackets, and gloves that were only partially covered. Plaintiff and putative class members had to use their personal cell phones for certain tasks, such as requesting time off.

5.32 Defendant had actual or constructive knowledge of the facts set forth above.

5.33 Failure to accrue and allow use of paid sick leave. Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members.

5.34 Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

Class members by failing to accrue paid sick leave for all hours worked by Plaintiff and the Class members. Those hours include uncompensated time that employees spent working off-the-clock and/or time that cut into their unpaid breaks.

5.35 Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members by failing to accrue paid sick leave for each missed rest break.

5.36 Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members by failing to accrue paid sick leave for each missed meal break.

5.37 Defendant had actual or constructive knowledge of the facts set forth above.

5.38 Failure to pay all wages due at termination. Defendant has engaged in a common course of failing to pay Plaintiff and the Class members all wages due at termination. Those wages include unpaid compensation for hours employees spent working off-the-clock and/or time that cut into their unpaid breaks.

5.39 Defendant had actual or constructive knowledge of the facts set forth above.

5.40 Failure to maintain accurate payroll records. Under Washington law, an employer must keep and preserve payroll records that detail the "[h]ours worked each workday and total hours worked each workweek" and maintain those records for at least three years. WAC 296-128-010(6); WAC 296-126-050; *see also* RCW 49.46.0040(3).

5.41 Defendant has engaged in a common course of failing to keep accurate records of the hours Plaintiff and the Class members worked each day or the total hours they worked each week. This again includes all hours worked beyond scheduled shifts and all hours worked through breaks.

/ / /

/ / /

/ / /



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

5.42 Defendant had actual or constructive knowledge of the facts set forth above.

## VI. FIRST CLAIM FOR RELIEF

**(Violations of RCW 49.12.020 and WAC 296-126-092 — Failure to Provide Rest Periods)**

6.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

6.2 RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

6.3 RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

6.4 Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means and includes the conditions of rest and meal periods" for employees.

6.5 WAC 296-126-092 provides that employees shall be allowed certain paid rest periods during their shifts.

6.6 Under Washington law, Defendant has an obligation to provide employees with the rest breaks to which they are entitled.

6.7 Under Washington law, Defendant has an obligation to ensure that employees receive the rest breaks to which they are entitled.

6.8 Under Washington law, Defendant has an obligation to provide employees with ten minutes of additional pay for each missed rest break.

6.9 By the actions alleged above, Defendant has violated the provisions of RCW 49.12.020 and WAC 296-126-092.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

6.10 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## VII. SECOND CLAIM FOR RELIEF

### (Violations of RCW 49.12.020 and WAC 296-126-092 — Failure to Provide Meal Periods)

7.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

7.2 RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

7.3 RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

7.4 Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means and includes the conditions of rest and meal periods" for employees.

7.5 WAC 296-126-092 provides that employees shall be allowed certain meal periods during their shifts.

7.6 Under Washington law, Defendant has an obligation to provide employees with the meal breaks to which they are entitled.

7.7 Under Washington law, Defendant has an obligation to ensure that employees receive the meal breaks to which they are entitled.

7.8 Under Washington law, Defendant has an obligation to provide employees with thirty minutes of additional pay for each missed meal break.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

7.9 By the actions alleged above, Defendant has violated the provisions of RCW 49.12.020, and WAC 296-126-092.

7.10 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## VIII. THIRD CLAIM FOR RELIEF

**(Violation of RCW 49.46.130 — Failure to Pay Overtime Wages)**

8.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

8.2 RCW 49.46.130 provides that "no employer shall employ any of his or her employees for a workweek longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he or she is employed."

8.3 By the actions alleged above, Defendant has violated the provision of RCW 49.46.130.

8.4 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

## IX. FOURTH CLAIM FOR RELIEF

**(Violation of RCW 49.46.090 — Payment of Wages Less Than Entitled)**

9.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

9.2 Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act (WMWA). RCW 49.46.010 defines



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

"wage" as "compensation due to an employee by reason of employment, payable in legal tender of the United States or checks on banks convertible into cash on demand at full face value, subject to such deductions, charges, or allowances as may be permitted by rules of the director."

9.3 By the actions alleged above, Defendant has violated the provisions of RCW 49.46.090.

9.4 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

## X. FIFTH CLAIM FOR RELIEF

## (Violations of RCW 49.46.210 and WAC 296-128-620 – Failure to Accrue and Allow Use of Paid Sick Leave)

10.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

10.2 The Washington Paid Safe and Sick Leave Act, RCW 49.46.210, and its implementing regulations WAC 296-128-620, require that employees accrue paid sick leave for all hours worked at a rate of at least one hour for every forty hours worked.

10.3 Pursuant to RCW 49.46.200, Defendant must compensate Plaintiff and the Class members at their regular and normal wages.

10.4 By the actions alleged above, Defendant has violated the provisions of RCW 49.46.210 and WAC 296-128-620.

10.5 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

## XI. SIXTH CLAIM FOR RELIEF

**(Violations of RCW 49.52.060, RCW 49.48.010(3), and WAC 296-126-028 – Unlawful Deductions, Withholdings, and Rebates)**

11.1 Pursuant to RCW 49.52.060, RCW 49.48.010(3), and WAC 296-126-028, an employer may not make deductions or withholdings from an employee's wages except in limited circumstances.

11.2 Under Washington law, deductions or withholdings and rebates must be identified and recorded "openly and clearly in employee payroll records." WAC 296-126-028(5); see also RCW 49.52.060; WAC 296-128-010(9).

11.3 RCW 49.52.070 provides that any employer who violates the foregoing statute shall be liable in a civil action for twice the amount of wages withheld, together with costs of suit and reasonable attorneys' fees.

11.4 By the actions alleged above, Defendant has violated the provisions of RCW 49.52.060, RCW 49.48.010(3), and WAC 296-126-028.

11.5 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.52.070.

## XII. SEVENTH CLAIM FOR RELIEF

**(Violation of RCW 49.48.010 – Failure to Pay All Wages Due at Termination)**

12.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

12.2 RCW 49.48.010 provides that "when any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his employment shall be paid to him at the end of the established pay period." The statute



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

further states that it shall be unlawful for "any employer to withhold or divert any portion of an employee's wages."

12.3 By the actions alleged above, Defendant has violated the provisions of RCW 49.48.010.

12.4 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) who are no longer employed by Defendant have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members who are no longer employed by Defendant are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## XIII. EIGHTH CLAIM FOR RELIEF

## (Violation of RCW 49.52.050 – Willful Refusal to Pay Wages)

13.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

13.2 RCW 49.52.050(2) provides that any employer who "willfully and with intent to deprive the employee of any part of his wages, pays any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" is guilty of a misdemeanor.

13.3 Defendant's violations of RCW 49.12.020, WAC 296-126-092, RCW 49.46.090, RCW 49.46.130, and RCW 49.48.010 were willful and intentional, and constitute violations of RCW 49.52.050.

13.4 RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld, attorneys' fees, and costs.

13.5 As a result of the willful, unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial,



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

and Plaintiff and the Class members are entitled to recovery of twice such damages, including interest thereon, as well as attorneys' fees and costs under RCW 49.52.070.

## XIV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on their own behalf and on behalf of the members of the Class, pray for a judgment against Defendant, as follows:

A. Certify the proposed Class;

B. Appoint Plaintiff as Class representative;

C. Appoint the undersigned attorneys as Class counsel;

D. Declare that the actions complained of herein violate Washington law;

E. Award Plaintiff and the Class members compensatory and exemplary damages;

F. Award attorneys' fees and costs to Plaintiff's attorneys, as allowed by law;

G. Award pre-judgment and post-judgment interest to Plaintiff, and the Class members, as provided by law;

H. Grant such other and further relief as this Court deems necessary.

RESPECTFULLY SUBMITTED AND DATED this 10th day of February, 2026.

**JUSTICE LAW CORPORATION**

By: <u>*/s/ Veronica Chavez*</u>

Douglas Han, WSBA #59429
Email: dhan@justicelawcorp.com
Shunt Tatavos-Gharajeh, WSBA #59424
Email: statavos@justicelawcorp.com
Veronica Chavez, WSBA #64610
Email: vchavez@justicelawcorp.com
751 North Fair Oaks Avenue, Suite 101
Pasadena, California 91103
Telephone: (818) 230-7502
Facsimile: (818) 230-7259

*Attorneys for Plaintiff*



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury under the laws of the State of Washington that, on the date stated below, I did the following:

On February 10, 2026, I transmitted a true copy of:

**FIRST AMENDED CLASS ACTION COMPLAINT FOR UNPAID WAGES**

in the above-entitled matter to:

Farron Curry
farron.curry@bclplaw.com
Elisabeth Read
elisabeth.read@bclplaw.com
**Legal Staff:**
Valerie Macan
valerie.macan@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
999 Third Avenue, Suite 4400
Seattle, WA 98104

**[X] By ECF**
**[X] Electronic Mail**

*Attorney(s)* for Defendant Saia, Inc.

Executed on February 10, 2026, at Pasadena, California.

*/s/ Flor Gonzalez*
Flor Gonzalez



JUSTICE LAW CORPORATION,
751 N. Fair Oaks Ave., Ste. 101,
Pasadena, California, 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com